IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN GRAHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>ABRUZZI'S ITALIAN CUCINA,<br>AMATO PASQUARELLI, individually<br>and as owner of Abruzzi's Italian Cucina,<br>and BEVERLY PASQUARELLI,<br>individually and as an owner of Abruzzi's<br>Italian Cucina,<br><br>    Defendants. | No. _____<br><br>TYPE OF PLEADING:<br><br>**COMPLAINT**<br><br>**Filed on behalf of Plaintiff:**<br>Jordan Graham<br><br>**Counsel of Record for this Party:**<br>D. Robert Marion, Esquire<br>PA I.D. No. 313469<br><br>Brian D. Farrington, Esquire<br>PA I.D. No. 325641<br><br>Charlton Law<br>617 South Pike Road<br>Sarver, PA 16055<br>(724) 540-1161<br>bobby@charltonlawyers.com<br>brian@charltonlawyers.com<br><br>**JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN GRAHAM, | : | No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ABRUZZI'S ITALIAN CUCINA, AMATO | : | |
| PASQUARELLI, individually and as an | : | |
| owner of Abruzzi's Italian Cucina, and | : | |
| BEVERLY PASQUARELLI, individually | : | |
| and as an owner of Abruzzi's Italian | : | |
| Cucina, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Jordan Graham, by and through her attorneys, D. Robert Marion, Jr., Esquire, Brian D. Farrington, Esquire, and CHARLTON LAW, who file on her behalf the instant Complaint and in support thereof avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jordan Elizabeth Rose Graham (hereinafter "Ms. Graham" or "Graham") is an adult individual currently residing at 470 Country Hills Drive, Irwin, Westmoreland County, Pennsylvania 15642.

2. Defendant, Abruzzi's Italian Cucina (hereinafter "Abruzzi's"), is a Pennsylvania business with an address of 9745 US-30, Irwin, Westmoreland County, Pennsylvania 15642.

3. Defendant, Amato Pasquarelli (hereinafter "Amato Pasquarelli"), is an adult individual with an address of 1220 10th Avenue, Irwin, Westmoreland County, PA 15642.

4. Defendant, Beverly Pasquarelli (hereinafter "Beverly Pasquarelli"), is an adult individual with an address of 1220 10th Avenue, Irwin, Westmoreland County, PA 15642.

5. Amato Pasquarelli and Beverly Pasquarelli are the owners of Abruzzi's.

6. For the majority of time between July 2017 until May 3, 2022, Ms. Graham worked at Abruzzi's in various roles.

7. The matters giving rise to this Complaint arose during that employment, and took place within the County of Westmoreland, located entirely within the United States District Court for the Western District of Pennsylvania.

8. All parties reside in the bounds of the United States District Court for the Western District of Pennsylvania.

9. Accordingly, venue, pursuant to 28 U.S.C. §1391(b)(1), is vested with the United States District Court for the Western District of Pennsylvania.

10. Count I falls under Title VII of the Civil Rights Act.

11. Federal Question Jurisdiction is applicable under 28 U.S.C. §1331.

12. Accordingly, personal jurisdiction and subject matter jurisdiction are proper in the United States District Court for the Western District of Pennsylvania.

**FACTUAL AVERMENTS**

13. The preceding paragraphs are incorporated as though fully set forth herein.

14. In July 2017, Ms. Graham began working at Abruzzi's, initially employed at the takeout counter, earning $8.00 an hour.

15. Upon information and belief, Abruzzi's is owned by Amato Pasquarelli and Beverly Pasquarelli, a married couple (hereinafter "the Pasquarellis").

16. Upon information and belief, the general manager at Abruzzi's is Amanda Randolph, daughter of Beverly Pasquarelli and step-daughter of Amato Pasquarelli.

17. Over the next five years, Ms. Graham continued to work at Abruzzi's, excluding a short period of time from October 10, 2021 to December 9, 2021.

18. By May of 2022, Ms. Graham was working as a cook in the pizza kitchen at Abruzzi's, earning $14.00 an hour.

19. Ms. Graham was also trained as a hostess and in bussing, exposition, serving, and working the salad bar.

20. While serving as the closing manager and working at the takeout counter, Ms. Graham would work 50 to 55 hours per week.

21. Closer to the end of her employment at Abruzzi's, Ms. Graham would work 35 to 40 hours per week.

22. On or about May 18, 2021, Amato Pasquarelli began to act inappropriately towards Ms. Graham.

23. On May 18, 2021, Ms. Graham began her shift at 4:00 p.m., after getting her hair done.

24. When Ms. Graham walked into work, Amato Pasquarelli told her that she looked beautiful, and that "the boys are going to jump out of the bushes for [her]."

25. Defendant Beverly Pasquarelli was present when the statement was made and became quiet and seemed uncomfortable.

26. Throughout Ms. Graham's shift that afternoon, Amato Pasquarelli continued to follow her around and make inappropriate comments.

27. While Ms. Graham was working at the salad bar that afternoon, Amato Pasquarelli came up behind her and grabbed her buttocks.

28. Before 4:45 p.m. that afternoon, Amato Pasquarelli had inappropriately and non-consensually touched Ms. Graham's buttocks at least three times.

29. Over the next several months, Amato Pasquarelli inappropriately touched, grabbed or slapped Ms. Graham's buttocks at least once or twice a month.

30. Throughout those first few months, Ms. Graham had only talked about these incidents with two people who worked at Abruzzi's.

31. Due to the embarrassment associated with these matters, Ms. Graham did not raise the issues she was facing from Defendant Amato Pasquarelli with anyone outside of close friends.

32. One of the people who Ms. Graham had talked with did not seem surprised upon hearing of the inappropriate touching.

33. On October 10, 2021, Ms. Graham left Abruzzi's for a position at another local restaurant.

34. Ms. Graham returned to her employment at Abruzzi's on December 9, 2021.

35. On or about February 10, 2022, Defendant Amato Pasquarelli inappropriately and non-consensually touched Ms. Graham again.

36. Throughout her employment at Abruzzi's Ms. Graham was also inappropriately and non-consensually touched by another co-worker known to Ms. Graham as Ben (last name unknown).

37. "Ben" would put his arm around Ms. Graham and rub her shoulders.

38. On or about March 9, 2022, Defendant Amato Pasquarelli called Ms. Graham "sexy," making Ms. Graham feel extremely uncomfortable.

39. Around that time, Ms. Graham mentioned to a friend that Defendant Amato Pasquarelli was acting "pervy."

40. On or about March 9, 2022, Ms. Graham stayed after her shift to chat with friends.

41. Ms. Graham had two drinks while chatting with her friends.

42. Ms. Graham does not recall the evening's events following the second drink.

43. A colleague at Abruzzi's named Will (last name unknown) made Ms. Graham feel uncomfortable that evening.

44. On or about March 12, 2022, Ms. Graham's friends made several calls to Abruzzi's to inquire about surveillance videos of the March 9, 2022, incident.

45. No return calls from Defendant Amato Pasquarelli were made regarding that incident.

46. On or about March 29, 2022, Ms. Graham approached the bar manager, Sharon Thomas (hereinafter "Ms. Thomas"), about the March 9, 2022, incident.

47. Ms. Thomas approached Defendant Amato Pasquarelli, requesting that he check the videos for that evening.

48. Defendant Amato Pasquarelli told Ms. Thomas that he would not check the videos because "he couldn't see."

49. This was despite the fact that Abruzzi's maintained a large monitor in the office on which the footage could be reviewed.

50. On March 29, 2022, Defendant Amato Pasquarelli requested that another employee look at the videos that would show the March 9, 2022, incident.

51. Defendant Amato Pasquarelli asked that employee whether he could see anything on the monitors.

52. Said employee looked uncomfortable and did not answer Defendant Pasquarelli.

53. On that same day, Defendant Amato Pasquarelli and Ms. Graham got into an argument.

54. Defendant Amato Pasquarelli told Ms. Graham directly that she should have obtained a "roofy test," and that he was not going to check the videos.

55. Defendant Amato Pasquarelli made it clear to Ms. Graham that she would need to call the police to get the videos.

56. On April 7, 2022, Ms. Graham was asked to close the restaurant.

57. When Ms. Graham informed Defendant Amato Pasquarelli that she had plans with her boyfriend, Defendant Amato Pasquarelli took a pizza screen and smacked Ms. Graham's buttocks.

58. Defendant Amato Pasquarelli told Ms. Graham that she and her boyfriend "could go at it on Sunday," Ms. Graham's day off.

59. Leading up to April 12, 2022, Defendant Amato Pasquarelli had been inappropriately and non-consensually touching Ms. Graham's buttocks multiple times every day.

60. On or around April 12, 2022, Defendant Amato Pasquarelli inappropriately and non-consensually touched Ms. Graham's buttocks at least four times.

61. When Ms. Graham asked Defendant Amato Pasquarelli to stop touching her, he laughed in her face and walked away.

62. On April 16, 2022, Ms. Graham called off work to get away from the hostile workplace environment.

63. On April 21, 2022, Defendant Amato Pasquarelli continued to inappropriately and non-consensually touch Ms. Graham's buttocks.

64. In late April 2022, Ms. Graham left for a vacation.

65. On May 3, 2022, when Ms. Graham returned from vacation, Defendant Amato Pasquarelli inappropriately and non-consensually touched Ms. Graham's buttocks.

66. The May 3, 2022 incident represented one indignity too far and Ms. Graham quit her employment at Abruzzi's.

67. Upon information and belief, there are two other employees who have undergone similar inappropriate and non-consensual touching.

68. None of the Defendants took any steps to correct the systemic discrimination suffered by Ms. Graham or other similarly situated employees.

69. Defendant Beverly Pasquarelli took no steps to mitigate or abate the systemic discrimination suffered by Ms. Graham or other similarly situated employees.

70. As a result of the foregoing conduct, Ms. Graham suffered the following non-exhaustive list of injuries:

    a. Loss of direct income from employment;
    b. Loss of benefits from employment;
    c. Embarrassment, humiliation, loss of reputation, and emotional distress;
    d. Other diverse damages as may later be ascertained.

71. None of the injuries suffered by Ms. Graham were the result of her own conduct, acts, or omissions.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

72. On or about May 23, 2022, Ms. Graham filed a complaint with the Equal Employment Opportunity Commission. (hereinafter "EEOC").

73. On or about February 6, 2023, a charge of discrimination was filed with the EEOC.

74. Following its investigation, the EEOC issued a Determination and Notice of Right to Sue Letter on March 15, 2024, in which the EEOC stated it would not proceed further with its investigation.

75. In its letter, the EEOC informed Ms. Graham that she had ninety (90) days to file a lawsuit.

76. This lawsuit has, accordingly, been timely filed.

**COUNT I – HOSTILE WORK ENVIRONMENT – SEXUAL HARASSMENT
UNDER TITLE VII OF THE CIVIL RIGHTS ACT
Jordan Graham v. Abruzzi's Italian Cucina**

77. The previous paragraphs are incorporated as if fully set forth herein.

78. Title VII of the Civil Rights Act provides, in relevant part, that "it shall be an unlawful employment practice for an employer to […] otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e–2(a)(1).

79. In *Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100 (3d Cir. 2009), the Third Circuit held that:

> Under Title VII, an employer may not discharge or discriminate against any individual with respect to compensation, terms, conditions, or privileges of

employment because of such individual's sex. A plaintiff may further establish that an employer violated Title VII by proving that sexual harassment created a hostile work environment.

***Huston*** 568 F.3d at 104 (citations omitted).

80. In ***Huston, supra***, the Third Circuit laid out a hostile work environment claim relating to sexual assault as follows:

> To establish a hostile work environment sexual harassment claim under Title VII against an employer, a plaintiff must prove the following: (1) the employee suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability.

***Huston*** 568 F.3d at 104.

81. To meet the fifth element of the test, "an employer knew or should have known about workplace sexual harassment if 'management-level employees had actual or constructive knowledge about the existence of a sexually hostile environment.'" ***Huston*** 568 F.3d at 105.

82. Instantly, Ms. Graham suffered intentional discrimination at the hands of Defendant Amato Pasquarelli and Abruzzi's because of her sex.

83. Defendant Amato Pasquarelli's and Abruzzi's intentional discrimination was pervasive and regular.

84. Defendant Amato Pasquarelli's and Abruzzi's actions detrimentally affected Ms. Graham and her employment.

85. Defendant Amato Pasquarelli's and Abruzzi's actions would detrimentally affect a reasonable person of the same sex in that position.

86. Defendant Amato Pasquarelli, as owner of Abruzzi's, is a management level employee at Abruzzi's.

87. Defendant Beverly Pasquarelli, as owner of Abruzzi's, is a management level employee at Abruzzi's.

88. Defendant Amato Pasquarelli created the sexually hostile environment at Abruzzi's that Ms. Graham experienced.

89. Beverly Pasquarelli, one of the owners of Abruzzi's, knew of the sexually hostile environment at Abruzzi's and did nothing to rectify or abate the situation.

90. Abruzzi's knew or should have known about workplace sexual harassment because management-level employees had actual or constructive knowledge about the existence of a sexually hostile environment.

91. Abruzzi's and Defendants Amato and Beverly Pasquarelli took no steps to correct or abate the discrimination and harassment that Ms. Graham suffered while at work.

92. Abruzzi's and Defendants Amato and Beverly Pasquarelli permitted a hostile work environment to be maintained at Abruzzi's.

93. The harm that Ms. Graham suffered was the direct result of the actions and inactions of Abruzzi's and Defendants Amato and Beverly Pasquarelli.

WHEREFORE, Plaintiff, Jordan Graham, requests judgment against Defendant Abruzzi's Italian Cucina in an amount in excess of the mandatory arbitration limit including damages, reasonable attorneys' fees and costs. **JURY TRIAL DEMANDED.**

### COUNT II – HOSTILE WORK ENVIRONMENT – SEXUAL HARASSMENT UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT
### Jordan Graham v. Abruzzi's Italian Cucina

94. The preceding paragraphs are incorporated as though fully set forth herein.

95. Ms. Graham suffered intentional discrimination because she is a woman.

96. As described herein, Ms. Graham suffered repeated indignities of a sexually harassing nature while working at Abruzzi's.

97. The harassment by the staff at Abruzzi's was severe, pervasive, and regular.

98. The harassment directed toward Ms. Graham detrimentally affected Ms. Graham.

99. The harassment directed toward Ms. Graham would detrimentally affect a reasonable woman in the same situation.

100. Ms. Graham's harasser, Defendant Amato Pasquarelli, was a supervisory employee and owner of Abruzzi's, and, accordingly, Abruzzi's itself was actively engaged in the sexual harassment of Ms. Graham.

101. Defendant Beverly Pasquarelli, one of the owners of Abruzzi's, knew of the sexual harassment at Abruzzi's and did nothing to mitigate or abate the situation.

102. Abruzzi's therefore knew, or reasonably should have known of the harassment suffered by Ms. Graham because its ownership was actively engaged in the discrimination.

103. Abruzzi's took no action to stop or abate the harassment suffered by Ms. Graham.

WHEREFORE, Plaintiff, Jordan Graham, requests judgment against Defendant Abruzzi's Italian Cucina in an amount in excess of the mandatory arbitration limit including damages, reasonable attorneys' fees and costs. **JURY TRIAL DEMANDED.**

Respectfully Submitted,

CHARLTON LAW

Brian D. Farrington, Esquire
PA I.D. No. 325641

## **VERIFICATION**

I, Jordan Graham, do hereby verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
Jordan Graham