IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN GRAHAM,<br><br>*Plaintiff,*<br><br>v.<br><br>ABRUZZI'S ITALIAN CUCINA, AMATO PASQUARELLI, *and* BEVERLY PASQUARELLI, *individually and as owners of Abruzzi's Italian Cucina,*<br><br>*Defendants.* | Civil Action No. 2:24-cv-821<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Jordan Graham ("Graham") commenced this action against Defendants Abruzzi's Italian Cucina ("Abruzzi's"), Amato Pasquarelli ("Mr. Pasquarelli"), individually and as owner of Abruzzi's, and Beverly Pasquarelli ("Mrs. Pasquarelli"), individually and as owner of Abruzzi's (collectively, "Defendants"). The complaint sets forth a claim for hostile work environment and sexual harassment arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) (Count I), and a claim for alleged hostile work environment and sexual harassment arising under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. § 951, *et seq.* (Count II). Defendants filed a motion to dismiss Count I as to all Defendants, and Count II as to Mr. and Mrs. Pasquarelli. (ECF No. 9). For the following reasons, the Court will grant the motion.

1

## I.  STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

## II. FACTUAL BACKGROUND

Mr. and Mrs. Pasquarelli own Abruzzi's, an Italian restaurant in Irwin, Pennsylvania. (ECF No. 1, pp. 2-3). Graham began working at the takeout counter in July 2017, earning $8.00 per hour. For the next five years, excluding the period of time from October 10, 2021 to December 9, 2021, Graham continued to work at Abruzzi's. In May 2022, she was a cook in the pizza kitchen earning $14.00 per hour. In addition to being trained as a hostess, she was trained in busing, exposition, serving, and the salad bar. When she worked as the closing manager and at the takeout counter, Graham worked 50 to 55 hours per week. By the end of her employment, Graham worked only 35 to 40 hours per week. (*Id.* at 2-4).

Graham alleges that on May 18, 2021, Mr. Pasquarelli began to act inappropriately towards her. On that day, he told Graham, in front of his wife, that "she looked beautiful, and that 'the boys are going to jump out of the bushes for [her].'" (*Id.* at 4). Throughout her shift, Mr. Pasquarelli followed her around and made inappropriate comments. Three times he touched her buttocks. At least once or twice a month for the next several months, Mr. Pasquarelli touched, grabbed, or slapped Graham's buttocks.[1] Graham left her employment at Abruzzi's on October 10, 2021, for a position at another restaurant. (*Id.* at 4-5).

On December 9, 2021, Graham returned to work at Abruzzi's. Then, on February 10, 2022, Mr. Pasquarelli touched her. On March 9, 2022, Graham stayed after her shift and had two drinks while talking with friends. She did not recall the evening's events after the second drink other than that a co-worker, "Will," made her "feel uncomfortable." On March 12, 2022, Graham's friends made calls to Abruzzi's to inquire about surveillance videos from March 9,

---

[1] Graham alleges that a co-worker "Ben" would put his arm around her and rub her shoulders throughout her employment. (*Id.* at 5).

3

2022. Abruzzi's did not return their calls. On March 29, 2022, Graham approached Abruzzi's bar manager, Sharon Thomas ("Thomas") about the March 9, 2022, incident. After that, Thomas asked Mr. Pasquarelli to check the surveillance videos from March 9, 2022. Mr. Pasquarelli declined to do so because "he couldn't see." However, he had another employee look at the video from that date. Also that day, Mr. Pasquarelli and Graham got into an argument. He told her that he was not going to check the videos and that she would need to call the police to get the video footage. Additionally, Mr. Pasquarelli told her that she should have obtained a "roofy test." (*Id*. at 5-7).

Graham was asked to close Abruzzi's on April 7, 2022. When she told Mr. Pasquarelli that she had plans with her boyfriend, he took a pizza screen, smacked her buttocks, and told Graham that she and her boyfriend "could go at it on Sunday." Prior to this date, he had been touching her buttocks multiple times a day. On April 12, 2022, Mr. Pasquarelli touched Graham's buttocks at least four times. (*Id*. at 7). When she asked him to stop touching her, Mr. Pasquarelli laughed in Graham's face and walked away. On April 21, 2022, Mr. Pasquarelli continued to touch Graham's buttocks. (*Id*. at 7-8).

Graham took a vacation in late April 2022. She returned to work on May 3, 2022. Mr. Pasquarelli again touched Graham's buttocks. According to Graham, "the May 3, 2022 incident represented one indignity too far and [she] quit her employment at Abruzzi's." (*Id*. at 8).

### III.    ANALYSIS

**A. Count II will be dismissed with prejudice.**

Defendants contend that Graham's PHRA claim (Count II) is time-barred and must be dismissed with prejudice. In order to file a suit under the PHRA, a plaintiff must file a claim with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged

4

act. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir.1997) ("If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA."). Graham filed her charge on February 6, 2023.[2] Thus, any incidents supporting her PHRA claim must have occurred on or before August 10, 2022. Defendants accurately note that Graham alleges in her complaint that she was subject to workplace discrimination beginning on or about May 18, 2021, with the last incident occurring on May 3, 2022. As the last incident occurred before August 10, 2022, her PHRA claim is time-barred. Graham concedes that Count II is time-barred. (ECF No. 12, p. 3). Therefore, Count II against Defendants will be dismissed with prejudice.[3]

### B. The Title VII claim in Count I against Mr. and Mrs. Pasquarelli will be dismissed with prejudice.

Defendants seek the dismissal of the Title VII claim against Mr. and Mrs. Pasquarelli at Count I. Title VII prohibits employers from engaging in discriminatory practices based upon an individual's sex. 42 U.S.C. § 2000e-2(a). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees...and any agent of such person." 42 U.S.C. § 2000e(b). In *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit held that individual employees cannot be held liable under Title VII. Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under Title VII. *Id.* at

---

[2] Graham dual filed her charge with the Equal Employment Opportunity Commission ("EEOC") since she was also advancing a Title VII claim. To file suit under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. *Bartos v. MHM Corr. Servs., Inc.*, 454 F. App'x 74, 77-78 (3d Cir. 2011). Consequently, Graham's claim under Title VII at Count I is timely.

[3] Notably, Graham also concedes that she failed to exhaust her administrative remedies for Count II as to Mrs. Pasquarelli. (ECF No. 19, p. 3).

1078; *see also Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 408 n.3 (3d Cir. 2003) (noting that, where the defendant was the plaintiff's supervisor and not his employer, "liability cannot exist pursuant to Title VII"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII.").

Courts in the Third Circuit—and particularly in this District—have consistently held that it is redundant to name an owner and supervisor as a defendant in his official capacity when the employer is also named as a defendant. *See Wilson v. Potter*, 159 F. App'x 415, 417 (3d Cir. 2005) (affirming the district court's dismissal of the Postal Service and its employees—other than the Postmaster General—when a former employee alleged that the Postal Service, its officials, and others had violated Title VII); *see also Moorehead v. Say It Once Dog Training*, LLC, Civil Action No. 23-2011, 2024 WL 3568672, at *2 (citing cases and finding plaintiff did not state a Title VII claim upon which relief can be granted against Somma as an individual or in his capacity as the owner of Say It Once). The Court concurs with these courts and holds that the only proper defendant for the Title VII claim at Count I is Abruzzi's – Graham's employer.[4] As a matter of law, the Court holds that Mr. and Mrs. Pasquarelli, as the owners of Abruzzi's, cannot be held personally liable under Title VII. Count I will be dismissed with prejudice as to Mr. and Mrs. Pasquarelli.

---

[4] The Court presumes that Mr. and Mrs. Pasquarelli were named individually because, unlike Title VII, the PHRA provides for individual liability. *Dici v. Com. of Pa.*, 91 F.3d 542, 552-53 (3d Cir. 1996). Liability under the PHRA extends to persons who "aid, abet, incite, compel or coerce the doing of any act declared ... to be an unlawful discriminatory practice." 43 Pa. Stat. § 955(e). However, as noted above, Graham's PHRA claim is time-barred.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion will be granted.  Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

__12/12/24_____
Date